UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61997-CV-MIDDLEBROOKS
(17-60106-CR-MIDDLEBROOKS)
MAGISTRATE JUDGE REID

JOSE GUTIRES DIAS,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE

### I.    Introduction

Movant, **Jose Gutires Dias**, has filed a *pro se* Motion to Vacate, pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence entered after he pleaded guilty to conspiracy to possess with intent to distribute one kilogram or more of heroin and use of a firearm during the commission of a drug trafficking crime in **Case No. 17-60106-CR-Middlebrooks**. [CV ECF No. 1]. For the reasons explained in this Report, Movant is not entitled to relief in this § 2255 proceeding.

This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C) and Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts. [CV ECF Nos. 2, 14].

## II. Claims

Construing the Motion liberally as afforded *pro se* litigants pursuant to *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), Movant raises the following grounds for relief:

1. His guilty plea was not knowing and voluntary because counsel failed to file objections to material facts in the PSI or listen to Movant's complete information.

2. Counsel was ineffective for allowing an appeal waiver to be incorporated into the plea agreement and by failing to object to the inclusion of drugs that were located in a co-defendant's possession in the PSI's statement of facts.

3. Counsel was ineffective for failing to object to the 18 U.S.C. § 924(c) enhancement because the firearms were not used furtherance of a drug trafficking crime.

4. Counsel was ineffective for failing to pursue the safety valve exception to the mandatory-minimum sentence.

[CV ECF No. 1].

## III. Procedural Background

Movant was charged with conspiracy to possess with intent to distribute heroin (Count One), possession with intent to distribute heroin (Count Two), and using and carrying a firearm in furtherance of a drug trafficking crime as set forth in Counts One and Two (Count Three). [CR ECF No. 13]. Movant and the Government

reached a Plea Agreement in which Movant agreed to plead guilty to Counts One and Three. [CR ECF 36]. Movant acknowledged that the Court was required to impose a mandatory-minimum sentence of ten years for Count One and a consecutive mandatory-minimum sentence of five years for Count Three. [*Id.* at ¶ 3]. The parties jointly agreed to recommend that "the amount of heroin involved that should be used to determine the base offense level is two (2) kilograms." [*Id.*, at ¶ 7a.].

The parties also executed a stipulated Factual Proffer in support of Movant's guilty plea. [CR ECF No. 37]. The Factual Proffer established that at the time of arrest, the police seized two one-kilogram packages of heroin. [*Id.* at 3]. It was also established that two handguns were found in the vehicle. [*Id.*].

The court conducted a change of plea hearing [CR ECF No. 89] after which the Magistrate Judge issued a Report recommending that the guilty plea be accepted. [CR ECF No. 38]. The Report was adopted without objections. [CR ECF No. 62].

A Presentence Investigation Report ("PSI") was prepared, establishing a base offense level of 30 because Movant was responsible for two kilograms of heroin. [PSI at ¶ 26]. Three levels were deducted based on Movant's acceptance of responsibility, resulting in a total offense level of 27. [PSI at ¶¶ 33-35]. An offense level of 27 and a Criminal History Category I resulted in a sentencing guideline range of 70 to 87 months. [PSI at ¶ 64]. However, because the statutory minimum

sentence exceeded the guidelines range, the guideline term of imprisonment was 120 months. [*Id.*]. The five-year term of imprisonment for Count Three was required to made consecutive. [PSI at ¶ 64]. There were no objections to the PSI.

At the sentencing hearing, Movant's counsel advised the Court there were no issues with the Magistrate Judge's Report on the change of plea hearing. [CR ECF No. 87 at 4]. The Court, after reviewing the PSI and the Plea Agreement, noted that Count One carried a ten-year minimum mandatory sentence and Count Three carried a five-year minimum mandatory sentence. [*Id.*]. The Court also noted the parties' agreement as to the drug amount and that neither party had any objections to the PSI. [*Id.*]. Counsel agreed that the minimum sentence was 180 months and that the Court lacked discretion to impose a lesser sentence. [*Id.* at 5-6].

Movant addressed the Court, stating that he had made a foolish mistake. [*Id.* at 13]. The Court advised Movant, "Well as I'm sure [counsel] told you, what really caused the problem here is the firearm." [*Id.* at 7]. The Court continued, "You could have qualified for the safety valve with no criminal history, that's where you really had an unfortunate choice." [*Id.*]. After considering the statements of the parties, the PSI and the statutory factors, the Court sentenced Movant to the minimum-mandatory sentence of 180 months. [*Id.* at 8]. The Court advised Movant of his right to appeal. [*Id.* at 10].

### IV.  Standard of Review

A. **Section 2255**

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on a final judgment, pursuant to 28 U.S.C. § 2255, are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *see also McKay v. United States,* 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). Thus, relief under § 2255 is reserved for transgressions of constitutional rights, and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *See Lynn v. United States,* 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted); *see also United States v. Frady*, 456 U.S. 152, 165 (1982).

If a court finds a claim under § 2255 valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner, grant a new trial, or correct the sentence." 28 U.S.C. § 2255. The burden of proof is on the movant, not the government, to establish that vacatur of the conviction or sentence is required. *See Beeman v. United States,* 871 F.3d 1215, 1221-1222 (11th Cir. 2017).

B. **Ineffective Assistance of Counsel Principles**

Regarding claims challenging counsel's effectiveness, the law is well settled that a criminal defendant is entitled to the effective assistance of competent counsel before deciding whether to plead guilty. *See Lee v. United States,* 582 U.S. \_\_\_, 137 S.Ct. 1958, 1964 (2017). Where a movant challenges counsel's effectiveness, he must demonstrate that: (1) counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 694 (1984). However, if the movant cannot meet one of *Strickland's* prongs, the Court does not need to address the other prong. *See id.* at 697; *see also Brown v. United States,* 720 F.3d 1316 (11th Cir. 2013).

To show deficient performance, a movant must demonstrate that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States,* 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted). In order to show prejudice, the movant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *See Strickland,* 466 U.S. at 694. In the sentencing context, this requires a showing that the sentence would have been less severe. *See Glover v. United States,* 531 U.S. 198, 203-04 (2001).

Further, a movant is also not prejudiced by counsel's failure to raise non-meritorious claims. *See Hittson v. GDCP Warden*, 759 F.3d 1210, 1262 (11th Cir. 2014). Courts may not vacate a conviction or sentence solely because the outcome

would have been different, but for counsel's error, as it may grant the defendant a windfall to which the law does not entitle him. *See Lockhart v. Fretwell,* 506 U.S. 364, 369 (1993); *see also Allen v. Sec'y, Fla. Dep't of Corr.,* 611 F.3d 740, 754 (11th Cir. 2010).

Bare and conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm's, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333-34 (11th Cir. 2012); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Thus, a § 2255 movant must provide factual support for his contentions regarding counsel's performance. *See Smith v. White,* 815 F.2d 1401, 1406 (11th Cir. 1987).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail ... are few and far between." *Chandler v. United States,* 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*). The *Strickland* test does not require a showing of what the best or good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *See Dingle v. Sec'y for Dep't of Corr.,* 480 F.3d 1092, 1099 (11th Cir. 2007). In retrospect, where counsel's decision appears to have been unwise, it will have been ineffective only if it was "so patently unreasonable that no competent attorney would have chosen it." *Id.* (citations omitted).

**C. Guilty Plea Principles**

It is also well settled that before a trial judge can accept a guilty plea, the defendant must be advised of the various constitutional rights that he is waiving by entering such a plea. *See Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Since a guilty plea is a waiver of substantial constitutional rights, it must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970); *see also United States v. Ruiz*, 536 U.S. 622, 629 (2002). To be voluntary and knowing, (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea. *See United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (table); *see also United States v. Mosley*, 173 F.3d 1318, 1322 (11th Cir. 1999).

After a criminal defendant has pleaded guilty, he may not raise claims relating to the alleged deprivation of constitutional rights occurring prior to the entry of the guilty plea, but may only raise jurisdictional issues, *see United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003), attack the voluntary and knowing character of the guilty plea, *see Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992), or challenge the constitutional effectiveness of the assistance he received from his attorney in deciding to plead guilty, *see United States v. Fairchild*, 803 F.2d 1121, 1123 (11th Cir. 1986).

To determine that a guilty plea is knowing and voluntary, a district court must comply with Fed. R. Crim. P. 11 and address its three core concerns: ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea. *See United States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005) (*per curiam*); *see also Moriarty*, 429 F.3d at 1012. In other words, a voluntary and intelligent plea of guilty made by an accused person must therefore stand unless induced by misrepresentations made to the accused person by the court, prosecutor, or his own counsel. *See Brady*, 397 U.S. at 748. If a guilty plea is induced through threats, misrepresentations, or improper promises, the defendant cannot be said to have been fully apprised of the consequences of the guilty plea and may then challenge the guilty plea under the Due Process Clause. *See Santobello v. New York*, 404 U.S. 257 (1971).

Courts apply a "strong presumption" that statements made by a defendant during a change of plea colloquy are true. "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

## V. Discussion[1]

### A. Plea Involuntary

---

[1] The Government has not contested the timeliness of the instant Motion.

In his first claim, Movant contends that his plea was involuntary because counsel failed to file objections to the PSI with regard to material facts. He alleges that counsel advised him he would be sentenced to eight years, not the 15 years he received. He argues that counsel should have objected to the factual finding in the PSI in Paragraph Ten regarding the firearms.

This claim is refuted by the record and Movant's own statement in his Motion. Movant admits in his Memorandum that he was responsible for the firearms and directed law enforcement to the location in the vehicle where they could be found. [CV ECF No. 3 at 5]. The stipulated Factual Proffer provides that the one firearm was found on the driver's side door pocket of the car Movant drove to the location of the drug sale. [CR ECF No. 37 at ¶ 6]. Under oath at the change of plea hearing, Movant acknowledged reading and signing the Factual Proffer. [CR ECF No. 89 at 24] There, the Court read every paragraph and Movant acknowledged that he understood each and every paragraph. [*Id.* at 24-31]. He agreed that each was true and correct. [*Id.*]. The fact that Movant was aware of the firearm was conclusively established. Counsel had no reason to file objections to this factual finding in the PSI.

### B. Counsel's Advice Regarding Appellate Waiver

Movant next contends that counsel was ineffective for advising him to agree to an appellate waiver without explaining the mandatory-minimum sentence. [CV

ECF No. 3, p. 4]. This claim is without merit because there was no appellate waiver within the Plea Agreement.

Moreover, to the extent that Movant contends counsel failed to advise him of the mandatory-minimum sentence, this claim is refuted by the record. Movant had read and discussed the Plea Agreement with counsel. [CR ECF No. 89 at 7]. He understood that he would be sentenced to a mandatory sentence of ten years' imprisonment for Count One and a consecutive mandatory five years' imprisonment for Count Three. [*Id*. at 12-13]. The Plea Agreement and the plea colloquy make this explicitly clear. Movant's claim that he only pleaded guilty because he believed he would be sentenced to eight years is conclusively refuted by the record.

C. **Failure to Contest the Firearms and Drugs Found at Co-defendant's House**

Movant appears to argue that counsel was ineffective for failing to object to the PSI's inclusion of the drugs and firearms found at one of his co-defendant's home. [CV ECF No. 3 at 4, 6].

Movant cannot establish that he was prejudiced by counsel's failure to object to these factual circumstances being included in the PSI. As has been established, Movant was sentenced to the mandatory-minimum sentence on each count. Even if the items found at his co-defendants home had been excluded from the Offense

Conduct portion of the PSI, Movant's sentence would not have changed. In the absence of any prejudice, this claim should be denied.

### D. **Failure to Challenge 18 U.S.C. § 924(c) Conviction**

Movant argues that counsel was ineffective for failing to object to his conviction for possessing a firearm in furtherance of a drug trafficking crime. He contends that counsel should have challenged the conviction because he was not found in possession of the firearms. [CV ECF No. 3 at 7]. According to Movant, if counsel had challenged the use of a firearm charge the government would not have been able to prove he was guilty of using a firearm in furtherance of a drug trafficking crime.

In order establish that a firearm was used in furtherance of drug trafficking crime there must be a nexus between the firearm and the trafficking. *See United States v. Molina*, 443 F.3d 824, 829 (11th Cir. 2006). The nexus can be established by "accessibility of the firearm . . . proximity to the drugs or drug profits, and the time and circumstances under which the gun is found." *Id.* at 829-30 (internal quotation marks omitted). Here, the evidence established a sufficient nexus between the guns and the drugs. The Factual Proffer established that a firearm was found in the driver's side door pocket where Movant had been sitting immediately prior to the drug transaction and drugs were found under the passenger seat in close proximity to another firearm. [CR ECF No. 37 at ¶ 6].

Under similar facts the Eleventh Circuit has affirmed § 924(c) convictions where there was a sufficient nexus between the firearms and the drugs and the firearms were in close proximity to drugs and drug profits. *See United States v. Haile*, 685 F.3d 1211, 1219-20 (11th Cir. 2012) (licensed gun in center console of vehicle in close proximity to money defendant intended to use to purchase drugs); *see also Molina*, 443 F.3d at 829-30 (proximity of firearm in drawer of nightstand to drugs, digital scales, and large amount of money in bedroom closets); *United States v. Suarez*, 313 F.3d 1287, 1292-93 (11th Cir. 2002) (loaded firearms found in several areas of drug stash house).

Given the stipulated facts, counsel had no basis to contest that the Government could establish a nexus between the firearm and the drug trafficking offense. This claim should be denied as counsel cannot be ineffective for failing to present a meritless claim.

E. **Failure to Argue for a Safety Valve**

In his final claim, Movant argues that counsel should have sought safety valve exception to the minimum-mandatory sentence on Count One. [CV ECF No. 3 at 11]. He contends he qualified for the safety valve exception because the firearm was not used in connection with the drug trafficking offense. [*Id.*]

Counsel was not ineffective because Movant did not qualify for the safety valve exception to the mandatory minimum sentence. Under to USSG § 5C1.2(a), a

defendant who meets the criteria at 18 U.S.C. § 3553(f)(1)- (5) with respect to drug offenses committed under 21 U.S.C. §§ 841 and 846 may be sentenced without regard to any statutory minimum. However, because Movant used a firearm he did not merit a safety valve consideration. Section 3553(f)(2), provides that the safety valve does not apply if the defendant possessed a firearm or other dangerous weapon in connection with the offence. *See* 18 U.S.C. § 3553(f)(2).

Movant expressly admitted to possessing a firearm in furtherance of a drug trafficking crime. The firearm in question was in close proximity to both Movant and the drugs found in his vehicle. As was noted by the trial court at sentencing, "the problem here is the firearm." The Court recognized that but for the firearm, Movant would have qualified for the safety valve to avoid the mandatory-minimum sentence on Count One. Since the Court found Movant used a firearm in furtherance of a drug trafficking crime, counsel was not ineffective for failing to pursue this meritless argument. This claim should be denied.

### F. Post Sentencing Conduct

Movant has presented argument that the Court can consider his post-sentencing conduct in any resentencing. Since Movant is not entitled to resentencing on any of the grounds raised in his Motion, the Court need not discuss whether his post-sentencing conduct would warrant a different sentence.

## VI. **Evidentiary Hearing**

Movant is also not entitled to an evidentiary hearing on the claims raised in this proceeding, having failed to demonstrate that his allegations, if proved, would establish his right to collateral relief. *See Schriro v. Landrigan,* 550 U.S. 465, 473-75 (2007); *see also Holmes v. United States,* 876 F.2d 1545, 1553 (11th Cir. 1989).

### VII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell,* 556 U.S. 180 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record as a whole, this Court should deny a certificate of appealability.

Notwithstanding, if Movant does not agree, he may bring this argument to the attention of the District Judge in objections.

## VIII. Conclusions and Recommendations

Based on the foregoing, it is recommended that:

1. the Motion to Vacate be DENIED [ECF No. 1] on the merits;

2. that no certificate of appealability issue; and,

3. the case closed.

Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the District Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

Signed this 5th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Jose Gutires Dias
     15882-104
     Coleman Low
     Federal Correctional Institution
     Inmate Mail/Parcels
     Post Office Box 1031

Coleman, FL 33521
PRO SE

Donald F. Chase , II
United States Attorney's Office
500 E Broward Boulevard
7th Floor
Fort Lauderdale, FL 33394
Email: donald.chase@usdoj.gov